IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| OSWALD HOSEA O'NEAL, JR.,<br>#279495, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. 0:08-587-HFF-BD |
| v. | ) ) | |
| STATE OF SOUTH CAROLINA, | ) ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed *pro se* on February 15, 2008.[1]

The Respondent filed a return and motion for summary judgment on July 3, 2008. As

the Petitioner is proceeding pro se, a Roseboro order was filed on July 7, 2008, advising the Petitioner

that he had thirty-four (34) days to file any material in opposition to the motion for summary

judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for

summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a

memorandum in opposition to summary judgment on July 16, 2008  This matter is now before the

Court for disposition.[2]

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).  Since the federal express
envelope does not contain a date that it was received by the prison mail room, the undersigned has
used the date it was placed in the prison mail system. See, Petition, p. 15.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

(continued...)

## Procedural History

Petitioner was indicted in February 2001 in Berkeley County for murder [Indictment No. 2001-GS-08-0248]. (R.p. 103). Petitioner was represented by Mitchell Lanier, Esquire, and on October 30, 2001, after a jury was selected, Petitioner entered a plea of guilty with a thirty (30) year recommendation by the State. (R.pp 1-27) Petitioner was then sentenced to thirty (30) years on the murder charge. (R.p. 27). Petitioner did not appeal his conviction and/or his sentence.

On October 30, 2003, Petitioner filed his first application for post-conviction relief ("APCR") in state circuit court. O'Neal v. State of South Carolina, No. 2003-CP-08-2446. Petitioner raised the following issues in his APCR:

I. Ineffective Assistance of Counsel.

II. New Evidence.

III. Failure of Counsel to file an appeal.

(R.pp. 28-33).

Petitioner was represented in his APCR by William S. McGuire, Esquire, and an evidentiary hearing was held on Petitioner's application on November 18, 2004. (R.pp. 38-95). At the hearing, Petitioner elected to proceed only on the allegation that he was entitled to a belated appeal from his guilty plea. (R.pp. 40-41). Following the hearing, the PCR judge issued an order on April 12, 2005, denying Petitioner's petition and dismissing the petition with prejudice. (R.pp. 96-101).

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[3] petition raising the following issue:

Whether there was sufficient evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal of his guilty plea?

---

(...continued)
Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

2

See Petition, p. 2.

On October 29, 2007, the South Carolina Supreme Court granted counsel's request to withdraw and denied the petition. O'Neal v. State, (S.C.Sup.Ct. filed October 29, 2007). The Remittitur was issued on November 15, 2007.

In the interim, however, Petitioner filed a second APCR in state circuit court on March 4, 2005; See Petition, O'Neal v. State of South Carolina, No. 2005-CP-08-452; in which he raised the following issue:

Subject Matter Jurisdiction.

Flawed Indictment.

See Petition, p. 2.

Following a hearing on October 24, 2005, at which Petitioner was represented by Elliott Barnwell, Jr., Esquire, the PCR judge orally dismissed the second APCR as being successive and time barred. In the alternative, the PCR judge also determined that Petitioner's murder indictment was sufficient. The written order of the PCR judge dismissing the petitioner was entered on November 23, 2005. See Order filed on November 23, 2005. The PCR judge subsequently denied petitioner's Motion to Alter or Amend Judgment. See Order filed February 1, 2006.

Petitioner filed an appeal but the South Carolina Supreme Court issued an order dismissing the appeal on March 13, 2006. See Order filed on March 13, 2006. The Remittitur was issued on March 29, 2006.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:



3

**Ground One:** Ineffective Assistance of Counsel, Mental Evaluation.

**Ground Two:** Ineffective Assistance of Counsel, Belated Appeal.

**Ground Three:** Ineffective Assistance of Counsel, Regarding Flawed Indictment.

See Petition, pp. 6-9.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;



(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on November 11, 2001, ten (10) days after his plea on October 30, 2001. See SCAP Rule 203(b)(2). By the time Petitioner filed his APCR on October 30, 2003, over one year had already passed from when his convictions had become final.

Petitioner argues that his federal petition is timely since the PCR judge considered his first PCR petition on the merits and did not find it time barred. See Petitioner's Memorandum in Opposition to Summary Judgment, p. 3. However, Petitioner's argument only supports allowing the statute to be tolled during the pendency of his first APCR.[4] The filing of this APCR does not,

---

[4]Since Petitioner's second PCR was filed after his first PCR and dismissed prior to the Remittitur being issued in his first PCR, it is not necessary to reach whether that action was a properly filed petition for purposes of tolling the statute. See also Rice v. Bowen, 264 F.3d 698, 701 (7th Cir. 2001); cf Pace v. DiGuglielmo, 545 U.S. 408 (2005)[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]; cf generally Wilson v. Crosby, No. 03-566, 2006 WL 3219602 (N.D.Fla. Nov. 3, 2006)["[A] state post-conviction motion that was denied as successive was 'properly filed' for AEDPA tolling purposes."](citing Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001)); McMillian v. Carochi, 198 Fed.Appx. 766 (10th Cir. 2006)["Successive state motions for postconviction relief toll 28 U.S.C.
(continued...)



however, restart the federal statute of limitations, which in this case had already expired prior to the first APCR having been filed. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Therefore, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina
September _10_, 2008

---

[4](...continued)
2244(d)(2)'s one-year limitation period as long as they were otherwise 'properly filed.'"].

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7