

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| OSWALD HOSEA O'NEAL, JR.,   Petitioner, | § § § | |
| vs. | § § | CIVIL ACTION NO. 9:08-587-HFF-BM |
| STATE OF SOUTH CAROLINA,   Respondent. | § § § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and that the petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 10, 2008, and the Clerk of Court entered Petitioner's objections to the Report on September 16, 2008.

The Magistrate Judge concluded that Petitioner's claim was barred by the one year statute of limitations for §2254 habeas petitions provided in 28 U.S.C. § 2244(d). On October 30, 2001, Petitioner pled guilty to murder and was sentenced to thirty years in prison. (Pet. 1.) South Carolina law requires that appeals from criminal convictions be made within ten days after the sentence is imposed. South Carolina Appellate Court Rule 203(b)(2). Petitioner did not directly appeal this conviction. (Pet. 2.) *Two years later*, on October 30, 2003, Petitioner filed his first application for post-conviction relief. (Pet. 3.) Thus, it appears that Petitioner's claim for relief is barred by the one year statute of limitations. *See* 28 U.S.C. § 2244(d) (noting that one year period begins to run when judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review).

In his objections, however, Petitioner argues that the reason he waited two years to file a state petition for post-conviction relief was because he believed that his attorney had filed an appeal. (Pet'r Objections 1.) Because the Magistrate Judge did not explicitly address this issue, it warrants further investigation. After carefully reviewing the record in this case, the Court finds Petitioner's argument to be without merit.

As noted above, Petitioner filed his first application for post conviction relief (PCR) in the Berkeley County Court of Common Pleas on October 30, 2003, exactly two years after he was sentenced. (Resp't Return App. 28.) After the State raised the statute of limitations defense in its return and just a few days before Petitioner's PCR hearing was scheduled, Petitioner, through his counsel, filed an amended PCR application, adding a claim for relief based on trial counsel's failure to file an appeal after being requested to do so by Petitioner. (Resp't Return App. 33-34.) Under South Carolina law, such a failure on the part of trial counsel would excuse compliance with South

Carolina's one year statute of limitations for filing PCR applications. *See Wilson v. State*, 348 S.C. 215, 217, 559 S.E.2d 581, 582 (S.C. 2002) ("[T]he one year statute of limitations required by S.C. Code Ann. § 17-27-45(A), does not apply to *Austin* appeals.").

Petitioner's argument in his first PCR application is identical to his objection to the Magistrate Judge's report. *Compare* Resp't Return App. at 33 ("The Petitioner alleges that his lawyer at the trial stage did not file an appeal after being requested to do so by the Petitioner.") *with* Pet'r's Objections at 3 ("I Oswald Oneal told Mitchell Lanier to appeal (direct) my guilty plea! He agreed, then refused to do as we planned."). At the first PCR proceeding the trial judge heard testimony from only two witnesses: Petitioner and Petitioner's trial counsel. (Resp't Return App. 39-94.) It appears that the primary issue before the court in that proceeding was whether Petitioner had asked his trial counsel to file an appeal. After listing to these two witnesses and weighing their credibility, Hon. Judge Perry Buckner found as follows:

> This Court finds Counsel's testimony that he and the Applicant had no discussions regarding an appeal to be highly credible. The Applicant's testimony to the contrary was not credible. This Court affords particular weight to Counsel's testimony because the transcript of the proceedings against the Applicant reveals that the Applicant understood that the state was recommending a thirty-year sentence in exchange for his plea, and the Court in fact imposed a thirty-year sentence.

(Resp't Return App. 100.) Because Judge Buckner was in a much better position to weigh the credibility of the witnesses and resolve this issue than the Court is, the Court defers to Judge Buckner's findings on this issue. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption by clear and convincing evidence."); *see also Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgment, the state court's error must be stark and clear. . . Indeed federal habeas courts have no license to

redetermine credibility of witnesses whose demeanor has been observed by the state court, but not by them.") (citations omitted).   Petitioner's bare allegations that he asked his attorney to file an appeal fail to overcome the presumption of correctness applied to the state court's findings.

Because Petitioner's only objection to Magistrate Judge's conclusion has already been decided in the state PCR proceeding and because Petitioner has failed to rebut the presumption of correctness of that finding, Petitioner's objections are without merit.

Although the Court's analysis could end at this point, in the interests of thoroughness, the Court will explore in greater detail how Petitioner's claim is barred by the federal statute of limitations. The one year statute of limitations for habeas corpus applications begins to run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  As previously noted, if subsection (A) applies, Petitioner's claim is barred because judgment was imposed on October 30, 2001, and the time for appealing that judgment expired on November 9, 2001.  *See* South Carolina Appellate Court Rule 203(b)(2) (noting one has ten days to file an appeal from judgment).

For subsection (B) to apply, Petitioner must point to some impediment *created by State action*. Although Petitioner does not explicitly make the argument, perhaps his strongest argument is that the state's appointment of an attorney who then failed to file an appeal constitutes an

4

impediment created by state action. However, at least one circuit court has consistently rejected that argument. *See e.g., Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (noting that incompetent attorney "is not the type of State impediment envisioned in § 2244(d)(1)(B)); *Gordon v. Secretary, Dep't of Corr.*, 479 F.3d 1299, 1301 (11th Cir. 2007) (affirming *Lawrence*); *but see Waldron v. Jackson*, 348 F. Supp. 2d 877, 884 (N.D. Ohio 2004) (imputing counsel's ineffectiveness to state and finding impediment under § 2244(d)(1)(B)). The Court believes that the Eleventh Circuit's interpretation of "state action" is more consistent with how that term has been interpreted by the Supreme Court in other contexts, including the Fourteenth Amendment. *See e.g., Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("Thus, we say that state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). While the actions of an assistant United States Attorney might properly be classified as "state action," the Court concludes that the actions of a criminal defense attorney representing divergent interests are not state action.

Regardless, as explained above and found by the State Court, Petitioner never asked his trial counsel to file an appeal. Therefore, even if one adopts the position taken by the Northern District of Ohio in *Waldron*, there is no impediment because Petitioner has failed to demonstrate that his state-appointed trial counsel was ineffective.[*]

---

[*]Although neither party has addressed the issue, the Court is aware of the Fourth Circuit's recent decision in *Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008), which examined a district court's finding of an impediment created by an appointed lawyer. Because the Fourth Circuit did not base its holding on the district court's resolution of that issue and because Petitioner failed to establish the ineffectiveness of his trial counsel, the Court finds that *Green* is

5

Subsection (C) of the statute of limitations does not apply because Petitioner has not asserted claims for relief based on newly recognized constitutional rights.

Finally, even if subsection (D) applies, Petitioner's claim is likewise time barred. Under that provision, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As explained by the Fourth Circuit, the limitations period begins to run on the date that the inmate could have discovered the factual predicate of his claim "through public sources." *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). In this case, trial counsel's failure to file an appeal was public knowledge for almost two years, and, thus, it could have been discovered through the exercise of due diligence. *See Green*, 515 F.3d at 305 (holding same). In short, regardless of which statutory tolling provision applies to Petitioner's case, his claim is still barred by the one year statute of limitations in § 2244.

Because statutory tolling does not aid Petitioner, his only other option of escape from the limitations bar is equitable tolling. As noted above, Petitioner's sole objection for why the statute of limitations does not apply is the alleged ineffectiveness of his attorney to file an appeal. However, the Fourth Circuit has held that a lawyer's mistake is not a valid basis for applying equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (collecting cases). Furthermore, the state court has already found that the lawyer in this case did not make a mistake because he was never asked to file an appeal. Therefore, equitable tolling does not apply in this case.

---

not applicable to this case.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED** and that the petition be **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Signed this 20th day of November, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.